IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN M. WADDINGTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-4903** |

<u>**MEMORANDUM AND ORDER**</u>

**NORMA L. SHAPIRO**                                                                                    **JUNE 24, 2008**

      Plaintiff Susan M. Waddington ("Waddington") filed suit against defendant United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, to recover for injuries sustained from tripping and falling on the sidewalk outside a post office.  The United States has filed a motion for summary judgment arguing: (1) the court lacks subject matter jurisdiction because Waddington failed to exhaust her administrative remedies; (2) the United States breached no duty to Waddington as an invitee; and (3) the alleged defect in the sidewalk was trivial.  The motion for summary judgment will be denied.

**I.      FACTS AND PROCEDURAL HISTORY**

      Waddington lives in Abington, Pennsylvania, two and a half blocks away from the Abington Post Office at 1925 Keith Road.  On June 13, 2005, Waddington caught the toe of her sneaker in a water main cover in the sidewalk outside the post office and fell.  At deposition, Waddington testified the four inch diameter water main cover was set in a downward slope or indentation in the sidewalk, and estimated the difference in height between the sidewalk and cover surfaces was an inch-and-a-half to two inches.  She testified that the day she fell was sunny, and that she could see clearly.  She testified that as a result of her fall, she scraped both hands and badly scraped her left leg; she suffered a hematoma – a broken blood vessel – below

the skin. The long-term effects of the accident include pain, leg throbbing, a rash, and nerves. Waddington testified her out-of-pocket medical expenses totaled $530 and her lost wages totaled $600.79.

The same day of the accident, Waddington reported her injury to postal employee Stephen Phillips ("Phillips"). Phillips wrote a note that Waddington stated she "'was not looking' where she walking and 'must have kicked' the lid." (Def.'s Mot. Summ. J., Ex. B.) At deposition, Phillips testified he did not have any record of any other injury claim resulting from the same water main cover.

Brian P. McVan, Esq. ("McVan") sent a letter on his law office stationery, dated November 15, 2005, to Phillips; the letter stated, "[w]e represent the interests of Ms. Susanne M. Waddington who was injured in an accident at the Abington Post Office which occurred on June 13, 2005." (Pl.'s Opp. to Def.'s Mot. Summ. J. Ex. B.) McVan asked what additional measures were available to address the medical bills for Waddington's injury, and requested that the correspondence be referred to the regional post office claims office.

An accident claims coordinator sent McVan a letter acknowledging receipt of McVan's letter of representation for Waddington, and enclosing a claim form to file with the Postal Service. The letter informed McVan that Waddington must submit a written report from her attending physician and include bills and reports for medical expenses incurred. The letter also warned that the claim must be presented within two years after the claim accrued. It did not question McVan's authority to represent Waddington or inform McVan that he must submit proof of authority with the claim form.

Waddington served the United States Postal Service with a Standard Form 95 Claim for

Damage, Injury, or Death ("Form 95 Claim"). The back of the Form 95 Claim states:

> The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.
>
> (Def.'s Mot. Summ. J. Ex. E.)

The Form 95 Claim submitted on behalf of Waddington is signed "Brian P. McVan for Susanne M. Waddington." Id. McVan enclosed the Form 95 Claim with another letter on his law office stationery reiterating that he represented Waddington's interests. McVan also stated that the damages summary and copies of all supporting documents, including medical reports and bills, were attached to the Form 95 Claim. At deposition, Waddington stated she did not recall whether she authorized anyone to sign the claim for her.

A tort claims examiner for the United States Postal Service explained in a letter to McVan that an investigation failed to establish the Postal Service committed a negligent act or omission, and the Postal Service was not liable to Waddington. The claims examiner advised Waddington to file any suit or request for reconsideration no later than six months after the date of the mailing of the letter.

Waddington, asserting the United States committed negligent acts or omissions with respect to the sidewalk outside the post office, filed this action in federal court under the FTCA. The court referred the action to arbitration but has not yet designated arbitrators to hear the case.[1]

---

[1] Under Local Rule of Civil Procedure 53.2(4)(C):

The United States filed a motion for summary judgment on Waddington's claim. Waddington responded in opposition after the close of discovery.

## II. DISCUSSION

A motion for summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving no genuine issue of material fact exists. ABB Automation Inc. v. Schlumberger Resource Management Serv., Inc., 254 F.Supp. 2d. 479, 481 (3d Cir. 2002). The court views the underlying facts and all reasonable inferences in the light most favorable to the nonmoving party. Id. But for a nonmoving party to survive a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of that party's case with respect to which it bears the burden of proof, summary judgment should be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### A.   Exhaustion of administrative remedies

The United States argues the court lacks jurisdiction over this action because Waddington failed to exhaust her administrative remedies by including evidence of McVan's authority to act

---

The judge to whom the case has been assigned shall, at least thirty (30) days prior to the date scheduled for the arbitration trial, sign an order setting forth the date and time of the arbitration trial and the names of the arbitrators designated to hear the case. In the event that a party has filed a motion to dismiss the complaint, a motion for summary judgment, a motion for judgment on the pleadings, or a motion to join necessary parties, the judge shall not sign the order until the Court has ruled on the motion . . .

4

on her behalf with her Form 95 Claim, as required by 28 C.F.R. § 14.2(a). The United States has sovereign immunity from suit unless it consents to be sued. Bialowas v. United States, 443 F.2d 1047, 1048 (3d Cir. 1971). "The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." Id. at 1048-49. The FTCA permits suit against the government, but requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit. Id. at 1049. This is a jurisdictional requirement which cannot be waived. Id.

>Under the FTCA, 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . .

The purpose of 28 U.S.C. § 2675(a) is to bring the claimants' allegations to the immediate attention of the relevant agency "so that it may investigate the claim and respond either by settlement or by defense." Tucker v. United States Postal Serv., 676 F.2d 954, 958 (3d Cir. 1982).

> Under the FTCA, 28 U.S.C. § 2672:

> The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred . . .

The FTCA, § 2672 "facilitates settlement by authorizing the Department of Justice to promulgate regulations defining the settlement process for administrative claims and authorizing federal agencies to promulgate additional regulations and to 'consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States.'" Tucker, 676 F.2d at 958 (citing 28 U.S.C. § 2672).  The requirements of 28 U.S.C. § 2675, requiring presentation of a claim, and of 28 U.S.C. § 2672, facilitating settlement of a claim, are independent and distinct processes.  Id.

Under its authority to promulgate regulations pursuant to 28 U.S.C. § 2672, the Department of Justice has defined what it means to present a claim to the appropriate federal agency for purposes of 28 U.S.C. § 2675.  Kanar v. United States, 118 F.3d 527, 528 (7th Cir. 1997).  The procedures established pursuant to the FTCA have been strictly construed.  Livera v. First Nat'l State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989); Commonwealth of Pennsylvania v. National Ass'n of Flood Insurers, 520 F.2d 11, 20 (3d Cir. 1975), overruled on other grounds, 659 F.2d 306 (3d Cir. 1981), cert. denied, 458 U.S. 1121 (1982).

Title 28 C.F.R. § 14.2(a), established pursuant to the FTCA, states:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

A claim under 28 C.F.R. § 14.2(a) has four elements: (1) written notification of the incident; (2) a demand for a sum certain; (3) the title or capacity of the person signing; and (4) evidence of

6

this person's authority to act on behalf of the claimant. Kanar, 118 F.3d at 528. But it is unclear whether failure to provide evidence of authority to act on behalf of the claimant with a Form 95 Claim under 28 C.F.R. § 14.2(a) deprives a court of jurisdiction to entertain an FTCA claim, where the claimant has otherwise presented her claim with a sum certain to the appropriate federal agency under 28 U.S.C. § 2675(a).

In Tucker, the claimant collided with a United States Postal Service vehicle; her attorney submitted a Form 95 Claim but did not include copies of medical reports from the claimant's physician. 676 F.2d at 955. A Postal Service inspector acknowledged receipt of the claim form but advised that the Form 95 Claim required itemized bills in support of injury and damage claims. Id. The letter did not suggest the itemized bills were a prerequisite to filing the Form 95 Claim, or that the claim filed on the claimant's behalf was defective. Id. When claimant brought an FTCA claim in federal court, the government filed a motion to dismiss for failure to forward the itemized bills. Id. at 956. The Court of Appeals found the Form 95 Claim filed on the claimant's behalf fully complied with 28 C.F.R. § 14.2(a), but noted that 28 C.F.R. § 14.4(b) states a claimant "may be required" to submit itemized bills for medical expenses incurred. Id. at 957. The Court, relying on the permissive language of 28 C.F.R. § 14.4(b), found the information designated in § 14.4 was not intended as a prerequisite to satisfaction of the timely filing of a claim. Id..

The Court of Appeals then stated that requirements under 28 C.F.R. §§ 14.1-14.11 "go far beyond" the notice requirement of 28 U.S.C. § 2675. Id. at 959. It found that the requirement under 28 U.S.C. § 2675 that "the claimant shall have first presented the claim to the appropriate Federal agency" is satisfied if the claimant: (1) gives the agency written notice of her claim

sufficient to enable the agency to investigate; and (2) places a value on her claim.  Id..

In Jama v. United States Immigration and Naturalization Serv., 22 F. Supp. 2d 353 (D.N.J. 1998), the court relied on Tucker to decide whether failure to submit evidence of authority to act on a claimant's behalf in accordance with 28 C.F.R. § 14.2 deprived the court of jurisdiction to entertain a claim under the FTCA.  The court found the requirement that such evidence be submitted was not explicitly statutory, but is laid out in the regulations governing the content of administrative claims.  Id. at 368.  It stated that in Tucker, the Court of Appeals "made it clear that the regulations (including § 14.2) promulgated pursuant to 28 U.S.C. § 2672 (which defines the settlement authority of government agencies) do not define the jurisdictional requirements for submission of administrative claims under § 2675."  Id.  The court further noted the presentation of evidence of authority is not essential to the minimal notice required under § 2675, and submission of a claim by an attorney raises the presumption that the attorney has the authority to act on behalf of the party he or she purports to represent.  Id. at 369; see also Leaty v. United States, 748 F. Supp. 268, 273 (D.N.J. 1990) (letter of representation, together with Form 95 Claim naming plaintiff as claimant, constituted sufficient notice of claim under statute and federal regulations).[2]

---

[2]National Ass'n of Flood Insurers is also relevant to whether failure to submit evidence of authority to the appropriate agency prevents a court from entertaining an action under the FTCA, but it is distinguishable.  In National Ass'n of Flood Insurers, the Commonwealth of Pennsylvania submitted a letter to the Department of Housing and Urban Development on behalf of citizens and residents of Pennsylvania who sustained uninsured flood damage.  520 F.2d at 15, 20.  The letter was not accompanied by evidence of authority to present claims on behalf of unnamed property owners.  Id. at 23.  The Court of Appeals recognized that neither the FTCA nor the regulations provide for class action administrative claims against the United States.  Id.  It found the individual claims failed to satisfy the jurisdictional requisites of the FTCA, so the Commonwealth was precluded from representing the individual claimants in a class action.  Id.  The current action is distinguishable because it is not a class action on behalf of unidentified

In support of its argument that Waddington has failed to exhaust her administrative remedies, the United States relies on Martinez v. United States of America, 743 F. Supp. 298 (D.N.J. 1990). In Martinez, plaintiffs collided with an FBI special agent; their attorney wrote a letter to the FBI enclosing three unsigned Form 95 Claims on behalf of his clients. Id. at 299. The FBI returned the Form 95 Claims to counsel by letter and noted: the forms were not signed; they failed to state the total amount of the claim; they must be accompanied by evidence of authority of the representative to present the claims on the claimants' behalf; and any future submission of the Form 95 Claims should include documentation of the claims. Id. Counsel returned amended Form 95 Claims to the FBI, but attached no documentation in support of the claims, and no specific authorization to represent the claimants. Id. The FBI again wrote to advise counsel that it required written authorization of counsel's representation of the plaintiffs and supporting documentation of the alleged personal injuries and property damage. Id. Plaintiffs took no further action on the administrative level, but sued the United States under the FTCA. Id. The court found the requirement under 28 C.F.R. § 14.2, that a legal representative provide evidence of authority to represent the claimant, was substantive rather than procedural. Id. at 302. Accordingly, the court dismissed the action for lack of subject matter jurisdiction. Id. at 303.

Here, McVan filed the Form 95 Claim on Waddington's behalf and signed it, "Brian P. McVan for Susanne M. Waddington." He enclosed the Form 95 Claim with a letter on law office stationery asserting that he represented Waddington's interests. Waddington did not sign a

---

plaintiffs; an independent claim has been submitted on behalf of Waddington as required under 28 U.S.C. § 2675(a).

9

power of attorney authorizing McVan to act as her representative, and at deposition, she did not recall authorizing McVan to file the Form 95 Claim on her behalf.  But the United States Postal Service never notified McVan of this deficiency, and treated McVan as Waddington's representative.  It acknowledged receipt of McVan's letter of representation without questioning his authority, and sent McVan notice of its decision on Waddington's claim.  It is clear that McVan's failure to provide evidence of his authority did not prevent the Postal Service from investigating or responding to Waddington's claim.

Because the Postal Service did not notify McVan or Waddington of the defect in the Form 95 Claim, and because McVan's failure to provide evidence of his authority did not compromise the Postal Service's ability to "investigate the claim and respond either by settlement or by defense," Tucker, 676 F.2d at 958, this action is distinct from Martinez.  Also compare Leaty, 748 F. Supp. at 273 (dismissal would be unfair to plaintiff since neither he nor his attorney were informed of any putative defect in administrative claim) with Bialowas, 443 F.2d at 1049-50 (complaint properly dismissed where the Form 95 Claim submitted to the Post Office Department was neither dated nor signed, claimed no amount of damages, and claimant failed to cure the deficiency after it was called to his attention by telephone and written correspondence).  Waddington has properly exhausted her administrative remedies, by providing written notice of her claim sufficient to enable the Postal Service to investigate, and placing a value on her claim, as required under 28 U.S.C. § 2675 and Tucker.  The United States is not entitled to summary judgment on Waddington's claim for failure to exhaust administrative remedies.

    **B.**    **Duty to Waddington as invitee**

The United States argues it is entitled to summary judgment because, even assuming the sidewalk outside the post office presented a dangerous condition, the water main cover and sidewalk surfaces were open and obvious to Waddington.

The FTCA permits a federal court to exercise jurisdiction over a tort claim against the government only "under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); Richards v. United States, 369 U.S. 1, 9 (1962) (government liability determined by law of the place where act or omission occurred).  Under Pennsylvania law, "[p]ossessors of land owe a duty to protect invitees from foreseeable harm."  Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983).  The possessor is subject to liability only if it: (1) knows or by exercise of reasonable care would discover the condition, and should realize it involves an unreasonable risk of harm to the invitee; (2) should expect that the invitee will not discover or realize the danger, or will fail to protect against it; and (3) fails to exercise reasonable care to protect the invitee against the danger.  Id.

If the danger is known or obvious to the invitee, then a possessor of land is not liable for harm caused to the invitee by any activity or condition on the land, unless the possessor should anticipate the harm despite such knowledge or obviousness.  Id.  A danger is "obvious" if both the condition and the risk are apparent to and would be recognized by a reasonable person "exercising normal perception, intelligence, and judgment."  Id.  A danger is "known" if it is not only known to exist, but also recognized as dangerous.  Id. at 124.  Whether a danger was known or obvious is usually a question for the jury.  Id.

Pictures of the sidewalk and water main are attached to Waddington's response.  (Pl.'s

11

Response to Def.'s Mot. Summ. J. Ex. A.)  A fact finder, viewing the evidence in the light most favorable to Waddington, could determine that the water main cover appears to be the same color and material as the sidewalk, and that the gradual decline in height between the sidewalk and water main cover is not immediately apparent from the pictures without aid of a measuring tool. Assuming the sidewalk outside the post office presented a dangerous condition, a reasonable factfinder might find any danger presented by the difference in height between the water main cover and sidewalk was not known or obvious to the reasonable person.  The United States is not entitled to summary judgment on the basis of this argument.

      C.      **Triviality of defect**

The United States argues it cannot be liable because the alleged defect in the sidewalk was trivial.  Waddington argues that whether the defect was trivial is an issue for the finder of fact.  An FTCA claimant must show "the government act or omission, if committed by a private person, would breach an independent state law duty." Bosco v. United States, 164 Fed. Appx. 226, 229 (3d Cir. 2006).  The pedestrian has the burden of proving the existence of a defective condition and the possessor's actual or constructive knowledge of the condition prior to the accident. Kardibin v. Associated Hardware, 426 A.2d 649, 652 (Pa. Super. 1981).

In Bromberg v. Gekoski, 189 A.2d 176, 177 (Pa. 1963), the Pennsylvania Supreme Court stated:

> Sidewalks must be so maintained that they will not present an unreasonable risk of harm to pedestrians.  What constitutes such a condition depends upon all of the circumstances.  It may generally be defined as one attended with an unreasonable risk of harm, one that is hazardous or unsafe or one that constitutes a danger to persons traveling thereon.

While landowners have a duty to maintain sidewalks in a reasonably safe condition, there is no

duty to protect a pedestrian from any and all accidents. See Davis v. Potter, 17 A.2d 338, 339 (Pa. 1941). "An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist." Id. (elevation in pavement of 3/4 inch to 1 1/8 inches, bordered by flat strip or rim of iron, was a trivial defect); see also Harrison v. City of Pittsburgh, 44 A.2d 273 (Pa. 1945) (no negligence in permitting manhole cover, elevated by two inches, to exist); McGlinn v. City of Philadelphia, 186 A. 747 (Pa. 1936) (inch-and-a-half difference between levels of two abutting curbstones did not support actionable claim of negligence). But unless a defect is obviously trivial, its gravity is an issue of fact to be determined in light of the circumstances of the particular case. See Massman v. City of Philadelphia, 241 A.2d 921, 923 (Pa. 1968).

     Waddington testified that the water main cover was on a "downward slope" or "indentation" one-and-a-half to two inches below the sidewalk. (Waddington Dep. 64:4-5, 122:16, Apr. 15, 2008.) The water main cover is located on a pedestrian thoroughfare outside a post office. Considering the facts in a light most favorable to Waddington, the difference in height between the water main cover and sidewalk outside the Abington Post Office could be found by a fact finder to be a more than trivial defect. Cf. Lowe v. Pirozzi, Civ. A. No. 05-5048, 2006 WL 1147238 at *6 (E.D. Pa. Apr. 26, 2006) (it is a jury question whether a concrete portion of sidewalk raised at least an inch and a half, which tended to rise one or two inches under certain weather conditions, and was located on a pedestrian path, is obviously trivial); Ozer v. Metromedia Restaurant Group, Civ. A. No. 04-940, 2005 WL 525400 at *7 (E.D. Pa. Mar. 7, 2005) (it is a jury question whether a ridge of approximately seven-sixteenths to three-fourths of an inch, and within six inches from sidewalk curb, is a trivial defect). It is a question for the

finder of fact whether the alleged defect in the water main cover outside the Abington Post Office was trivial.

## III.   CONCLUSION

The United States' motion for summary judgment on Waddington's FTCA claim will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN M. WADDINGTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-4903** |

## ORDER

**AND NOW**, this 24th day of June, 2008, upon consideration of defendant's motion for summary judgment, plaintiff's response, defendant's reply in support of motion for summary judgment, and plaintiff's response to reply, it is **ORDERED** that defendant's motion for summary judgment (paper no. 14) is **DENIED.**

      /s/ Norma L. Shapiro
Norma L. Shapiro, S.J.